**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OASIS LEGAL FINANCE OPERATING COMPANY, LLC, | ) ) ) | Case No. 17-358 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| GARY CHODES, NICOLAS MESSE, DOMAINS BY PROXY, LLC, WIX.COM, INC., and JOHN DOE (an unknown registrant), | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants, | ) | |

**COMPLAINT**

Plaintiff, OASIS LEGAL FINANCE OPERATING COMPANY, LLC ("Oasis" or "Plaintiff"), by its attorneys, Irwin IP LLC, complains against GARY CHODES ("Chodes"), NICOLAS MESSE ("Messe"), WIX.COM, INC., DOMAINS BY PROXY, LLC, and unknown registrant JOHN DOE (together "Defendants") and alleges the following:

**NATURE OF THE ACTION**

1. In this action for trademark infringement, contributory trademark infringement, cybersquatting, unfair competition, and deceptive trade practices, Oasis seeks injunctive and monetary relief. This action arises under the Lanham Act, 15 U.S.C. §1051 *et seq.* and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

2. This action arises from, *inter alia*, Defendants' intentional misappropriation of Oasis's Oasis trademarks. In violation of state and federal law, Defendants, have directly and/or contributorily, blatantly and intentionally infringed, and continue to infringe, Oasis's protectable intellectual property rights by registering, hosting and operating an infringing website at oasislegalfinancegroup.biz in direct competition with Oasis using Oasis's exact registered marks.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) because this action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; and under federal question jurisdiction pursuant to 28 U.S.C. § 1331; and pursuant to 28 U.S.C. §1338(a) regarding Acts of Congress relating to trademarks; and 28 U.S.C. § 1367 providing supplemental jurisdiction.

4. Count V for deceptive trade practices and false advertising under Illinois law is so related to Counts I, II, III, and IV, which arise under federal law, that they form part of the same case or controversy, thereby giving this Court supplemental jurisdiction under 28 U.S.C. § 1367(a) over related state law claims in Count V.

5. Defendants Chodes and, upon information and belief, Messe, are subject to personal jurisdiction in this District because they reside therein.

6. The remaining Defendants are subject to personal jurisdiction in this District because, upon information and belief, they have regularly transacted business in, and solicited business from customers residing in, this judicial district and the state of Illinois. The remaining Defendants have also caused injury in this judicial district and the state of Illinois through the unauthorized use of the Oasis marks, such that those Defendants have a reasonable expectation of being sued in Illinois.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and (3).

## THE PARTIES: OASIS

8. Oasis is a Delaware limited liability company with its principal place of business located at 9525 Bryn Mawr Road in Rosemont, Illinois.

9. Oasis is in the business of consumer legal funding, that is, providing a debt-free financial option for persons who have a pending legal claim. By selling an interest in the potential proceeds of a claim to Oasis, a person can obtain income while pursuing the fair value of his or her claim. Consumer legal funding helps those who purchase it meet their liquidity needs while they await resolution of a pending litigation or insurance claim.

10. Since its formation, Oasis has been a pioneer in the consumer legal funding market, holding the leading market share in the United States for such services. Over its many years of providing consumer legal funding under the Oasis marks, Oasis has developed a reputation as a high quality and trustworthy service provider.

11. Oasis owns a family of distinctive OASIS marks ("Oasis Marks" or "family of Oasis Marks"). The following table sets forth Oasis's federally registered Oasis Marks:

| Mark | Reg. No. | Status | Goods/Services |
|---|---|---|---|
| OASIS LEGAL FINANCE® | 3,305,665 | 1st Use 7/15/2003<br>Registered 10/9/2007<br>Incontestable 10/8/2013 | (IC 36) Financial services, namely, lending money to law firms and providing cash advances to persons suing for damages arising from personal injuries or other damages to parties in litigation and other legal proceedings. |
| OASIS® | 4,889,677 | 1st Use 7/15/2003<br>Registered 1/19/2016 | (IC36) Consumer financial service, namely, providing pre-settlement legal funding. |
| OASIS FINANCIAL BECAUSE LIFE MOVES FASTER THAN YOUR CASE® | 4,990,045 | 1st Use 10/01/2015<br>Registered 6/28/2016 | (IC36) Consumer financial service, namely, providing pre-settlement legal funding. |
| OASIS FINANCIAL BECAUSE LIFE MOVES FASTER THAN YOUR CASE® (design) | 4,990,044 | 1st Use 10/01/2015<br>Registered 6/28/2016 | (IC36) Consumer financial service, namely, providing pre-settlement legal funding. |

3

12. A true and correct copy of each of the above-listed federal trademark registrations is attached hereto as Exhibit A.

13. Oasis's registered marks are distinctive as indicated by their registrations on the Principal Register.

14. Oasis's registrations constitute prima facie evidence of the validity of the registered marks and of the registration of the marks, of Oasis's ownership of and exclusive right to use the registered marks in commerce on or in connection with the goods or services specified in the registrations.

15. Oasis's registration for Oasis Legal Finance® is incontestable and is thus conclusive evidence of the validity of that mark and of the registration of the mark, of Oasis's ownership of the mark, and of Oasis's exclusive right to use the registered mark in commerce.

16. Oasis has since it first began using the Oasis Marks, expended millions and millions of dollars on marketing and advertisements to promote its services under its Oasis Marks. Oasis's marketing expenditures were approximately $10 million in each of 2013, 2014, 2015, and 2016. As a result, consumers have come to associate the Oasis Marks with Oasis and its high quality legal funding services.

17. Oasis uses and has used its Oasis Mark as part of its domain names oasislegal.com and oasisfinancial.com. A true and accurate copy of Oasis's domain name registrations are attached hereto as Exhibit B.

18. Oasis uses and has used its Oasis Marks throughout its websites, and on its social media pages as shown below:






19. Since long before the acts of Defendants herein, Oasis and/or its predecessor in interest has continually used the Oasis Marks in interstate commerce in connection with consumer legal funding services, and as such Oasis has acquired a tremendous amount of goodwill in the Oasis Marks in connection with such services.

## THE PARTIES: THE DEFENDANTS

20. Upon information and belief, Defendant John Doe is the unknown registrant of the domain name oasislegalfinancegroup.biz and purports to have an office located at 5030 Champion Blvd, Boca Raton, Florida 33487.

21. Upon information and belief, Defendant Nicolas Messe is an individual residing in Highwood, Illinois. Messe purports to be the managing director of "Oasis Legal Finance Group," which offers consumer legal services at the url oasislegalfinancegroup.biz in violation of Oasis' rights in the Oasis Marks. *See* Exhibit C. Upon information and belief, as no existing legal entity is identified or has been located, "Oasis Legal Finance Group" is Messe's alter ego and Messe is personally engaging in the infringing activities described herein.

22. Defendant Gary Chodes is an individual residing in Highland Park, Illinois. Chodes was the CEO of Oasis from 2004 until his termination on June 26, 2013. Upon information and belief, Chodes has induced and/or partnered with Defendants Nicolas Messe and John Doe and its principals or alter egos to engage in the infringing conduct described herein.

23. Upon information and belief, Defendant Wix.com, Inc. is a Delaware corporation with its principal place of business at Nemal Tel Aviv St 40, Tel Aviv-Yafo, Israel. Upon information and belief, Defendant Wix is a web design and web hosting company and offers its services throughout the State of Illinois and in interstate commerce. Wix is the web host for oasislegalfinancegroup.biz.

24. Upon information and belief, Defendant Domains by Proxy, LLC is a Delaware limited liability company with its principal place of business at 14747 N. Northsight Boulevard, Suite 111, Scottsdale, Arizona 85260. Upon information and belief, Defendant Domains by Proxy is an Internet domain name registrar that offers Internet WHOIS privacy services throughout the

6

State of Illinois and in interstate commerce for the express purpose of allowing business to conceal their internet identity. Domains by Proxy is the Registrar of the infringing domain name oasislegalfinancegroup.biz. A true and correct copy of the WHOIS information for that domain name is attached hereto as Exhibit D.

25. Oasis is unable to ascertain the true identity of Defendant John Doe, the unknown registrant of the domain name oasislegalfinancegroup.biz, because the WHOIS record for said domain name registration is protected by a domain name privacy service provided by Defendant Domains by Proxy. (*See* Exhibit D). Oasis will seek leave to amend this Complaint to allege the true identity of Defendant JOHN DOE once Oasis is able to ascertain that information.

### THE HISTORY OF OASIS

26. In 2002, Chodes and others founded two affiliated entities: Oasis Legal Finance LLC ("OLF") and Legal Recovery Finance, LLC. In 2003, Legal Recovery Finance, LLC changed its name to Oasis Legal Finance Group LLC ("Group"). OLF owned all the intellectual property used in the legal funding business and made exclusive use of the Oasis Marks in commerce in connection with legal funding.

27. In 2004, Chodes spearheaded a recapitalization transaction among Group, Oasis and DE Shaw, wherein Group sold 100% of its membership interests in OLF to a newly incorporated Oasis Legal Funding Operating Company, LLC—the Oasis entity that is the Plaintiff in this case. The 2004 transaction required OLF to transfer to the Oasis entity that is the Plaintiff in this case all the intellectual property used in the legal funding business, including the Oasis Marks. As such, Oasis acquired the Oasis Marks pursuant to the 2004 transaction.

28. After the 2004 transaction, Defendant Chodes continued to serve as the CEO of Oasis until 2013. In his capacity as CEO of Oasis for those nine plus years, Defendant Chodes supervised or oversaw Oasis's efforts to protect, invest in, and promote the Oasis Marks.

29. During his tenure as CEO, Defendant Chodes consistently and repeatedly recognized in various corporate lending transactions that Oasis, not any affiliate of Oasis, nor

Chodes himself, owned the Oasis Marks. For example, on or about December 9, 2010, Defendant Chodes, in his capacity as the Manager of Oasis, signed a Trademark Security Agreement on behalf of Oasis, wherein Oasis received a loan in exchange for giving a creditor a secured interest in the Oasis Marks. *See* Exhibit E.

30. During his tenure as CEO of Oasis, Chodes also worked with outside counsel to obtain European trademark rights in the Oasis Marks for Oasis.

31. In 2013, Defendant Chodes was terminated for cause and has not been employed by Oasis since that time. On July 1, 2016, Chodes formed an entity competitive with Oasis and has been hiring away Oasis employees in violation of their employment agreements. Oasis and Chodes are involved in litigation pertaining to Chodes' departure from Oasis and his unlawful hiring of Oasis employees.

## UNLAWFUL USE OF THE OASIS MARKS

32. Oasis has not authorized, licensed, or otherwise granted rights or permission to any of the Defendants to use any of its Oasis Marks.

33. Despite Oasis's clear ownership of the Oasis Marks, and Defendant Chodes' knowledge and recognition of the same, after he was terminated for cause by Oasis, Chodes suddenly began claiming that he or his shell companies owned the Oasis Marks. For example, in December of 2013, Chodes asserted that he was the CEO of an entity called "Oasis Legal Finance Group, LLC," which he claimed was the sole legal owner of the brand Oasis Legal Finance, and also owned the "verbiage Oasis" when used in connection with consumer legal finance services. *See* Exhibit F.

34. Oasis responded to Chodes' wrongful claims of ownership, reminding Chodes that Oasis—not Chodes or his purported company—owns the Oasis Marks, that Chodes had personally signed multiple agreements recognizing Oasis as the owner of the Oasis Marks, and attaching copy of Oasis's incontestable federal registration for Oasis Legal Finance®. *See* Exhibit G.

35. Notwithstanding Oasis's clear ownership of the Oasis Marks and Chodes knowledge of the same, Chodes' attacks on the Oasis Marks continued and escalated. For example, on November 11, 2016, Chodes informed Oasis that his company Oasis Shareholder Recovery, LLC (f/k/a/ Oasis Legal Finance Group, LLC) ("Recovery") had transferred, sold or licensed the Oasis trademarks to an unnamed third party, which upon information and belief is John Doe and/or Messe. *See* Exhibit H.

36. Upon information and belief, there is no real separation between Recovery and Chodes, Recovery has nonfunctioning officers and is undercapitalized, Defendant Chodes is personally operating Recovery as if the LLC did not exist, Recovery is a mere façade for the operation of Defendant Chodes, and Recovery is Chodes' alter ego.

37. Upon information and belief, there is such a unity of interest and ownership that the separate personalities of Recovery and Chodes do not exist, and circumstances are such that adherence to the fiction of a separate corporate existence of Recovery apart from Defendant Chodes would promote injustice.

38. Defendant Chodes knew or was willfully ignorant to the fact that neither he nor Recovery had any rights to or ownership in the Oasis Marks when he purported to transfer, sell, or license said rights.

39. Upon information and belief, the purposes of Chodes' purported transfer, license, or sale of the Oasis Marks—rights neither he nor Recovery possessed—were to financially benefit himself and/or Recovery, while at the same time to harm Oasis and diminish the value of the Oasis Marks.

40. Soon after Defendant Chodes claimed to have transferred, sold, or licensed rights he did not and does not possess to the Oasis Marks, on or about December 20, 2016, Defendant John Doe obtained a domain name registration for the domain name oasislegalfinancegroup.biz, which fully incorporates Oasis's registered and incontestable mark Oasis Legal Finance® and is confusingly similar to Oasis's family of Oasis marks.

9

41. Despite actual and/or constructive notice of Oasis's family of Oasis Marks, Defendant John Doe, and upon information and belief Defendant Messe, encouraged by Defendant Chodes, began operating and are continuing to operate an Internet website at oasislegalfinancegroup.biz, which offers consumer legal financing throughout the State of Illinois and in interstate commerce under the name and mark "Oasis Legal Finance Group", shown below:



42. Additionally, upon information and belief, Defendants John Doe and Messe, encouraged by Defendant Chodes, are promoting legal funding services under the infringing Oasis trademarks on LinkedIn and Facebook.

43. Shortly after the creation of the aforesaid infringing business, an individual named Ron Diamond, CEO of Diamond Wealth Strategies and a close friend of Defendant Chodes, commented on Defendant Messe's press release on LinkedIn, congratulating and endorsing him on the formation of the infringing business operating under the "Oasis Legal Finance Group" mark.

44. Upon information and belief, Defendants John Doe and Messe, induced and encouraged by Defendant Chodes, and with the bad faith intent to siphon sales and goodwill from

10

Oasis, are unlawfully using Oasis's exact federally registered and protectable Oasis Marks in connection with offering and providing the exact same legal funding services.

45. The unlawful acts described herein have already caused, and will continue to cause if not enjoined, actual confusion. Oasis has already received at least one inquiry into whether oasislegalfinancegroup.biz is Oasis.

46. Despite actual and/or constructive notice of Oasis's family of Oasis Marks, on or about December 20, 2016, Defendant Domains by Proxy obtained a domain name registration for the domain name oasislegalfinancegroup.biz, which fully incorporates Oasis's registered and incontestable mark "Oasis Legal Finance" and is confusingly similar to Oasis's family of Oasis Marks.

47. Defendant Domains by Proxy provides WHOIS privacy protection services to Defendant John Doe for the domain name oasislegalfinancegroup.biz and is therefore also the Registrant for said domain name. Defendant Domains by Proxy thus has control over the infringing domain name oasislegalfinancegroup.biz.

48. Defendant WIX provides the web site hosting services for the infringing domain name oasislegalfinancegroup.biz and the associated infringing website located at that domain, and thus has control over the same.

49. Upon information and belief, Defendants John Doe and Messe are doing business throughout the State of Illinois and in interstate commerce under the name and mark Oasis Legal Finance Group at the website located at the url oasislegalfinancegroup.biz.

## COUNT I:
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)
## (AGAINST DEFENDANTS JOHN DOE AND MESSE)

50. Oasis realleges and incorporates by reference paragraphs 1 through 49 of this Complaint as if set forth fully herein.

51. Without the consent of Oasis, Defendants John Doe and Messe have intentionally

used the exact Oasis® and Oasis Legal Finance® marks ("Asserted Oasis Marks") as their own to unfairly and unlawfully misappropriate Oasis's goodwill and divert Oasis's customers.

52. Usage of the Asserted Oasis Marks on the oasislegalfinancegroup.biz website constitutes use in commerce in connection with the sale, offering for sale, distribution, and advertising of goods and services.

53. Defendants John Doe and Messe have no good faith basis to register the domain name oasislegalfinancegroup.biz and/or use the Asserted Oasis Marks to offer services confusingly similar to Oasis' legal funding services. Defendants' intent in registering and using the infringing domain name and the Asserted Oasis Marks was to profit from the goodwill and reputation associated with the Asserted Oasis Marks.

54. Defendants John Doe and Messe's use of the Asserted Oasis Marks in commerce is likely to cause consumer confusion and mistake, and is likely to deceive as to source or origin of Defendants John Doe and Messe's services, and to the affiliation, association, or connection of Defendants John Doe and Messe, with Oasis.

55. Defendants John Doe and Messe's use of the infringing domain name and the Asserted Oasis Marks as described herein constitutes infringement of Oasis's federally registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

56. Defendants John Doe and Messe's direct infringement of Oasis's registered marks has resulted in actual and probable injury to Oasis, and Oasis is likely to continue to suffer harm without judicial intervention.

57. Oasis has no adequate remedy at law for the irreparable injury and other damage Defendants John Doe and Messe are causing to Oasis's business reputation and goodwill.

58. Oasis has suffered and continues to suffer economic loss in an amount to be proven at trial directly and proximately caused by Defendants John Doe and Messe's unlawful acts as alleged herein.

59. On information and belief, Defendants John Doe and Messe's actions have been intentional, with knowledge, willful, with actual malice, and in bad faith, justifying the imposition of enhanced damages.

60. Defendants John Doe and Messe's actions make this case exceptional within the meaning of 15 U.S.C. § 1117(a), thereby entitling Oasis to an award of reasonable attorneys' fees and costs.

## COUNT II:
## CONTRIBUTORY TRADEMARK INFRINGEMENT
## (AGAINST DEFENDANTS CHODES, DOMAINS BY PROXY, AND WIX)

61. Oasis realleges and incorporates by reference paragraphs 1 through 60 of this Complaint as if set forth fully herein.

62. Upon information and belief, Recovery is a sham corporation and Defendant Chodes' alter ego.

63. Upon information and belief, on or about November 11, 2016, Defendant Chodes, with actual knowledge that neither he nor Recovery had any rights to the Oasis Marks, purported to transfer, license, or sell an intellectual property portfolio purportedly containing Oasis Marks to a third party. *See* Exhibit H. Upon information and belief, the third party was Defendant John Doe and/or Defendant Messe.

64. Upon information and belief, the stated purpose of said transfer, license or sale was to monetize intellectual property that would otherwise remain dormant. *See* Exhibit H.

65. Upon information and belief, Defendant Chodes actively and intentionally encouraged and induced Defendants John Doe and Messe to infringe the Oasis Marks when he purported to transfer, license and/or sell them the rights to use the Oasis Marks.

66. Soon after Defendant Chodes purportedly granted rights neither he nor Recovery possessed in and to the Oasis Marks, the oasislegalfinancegroup.biz domain registration was created, and an infringing website appeared at oasislegalfinancegroup.biz.

Case: 1:17-cv-00358 Document #: 1 Filed: 01/17/17 Page 14 of 20 PageID #:14

67. The website at oasislegalfinancegroup.biz promotes and offers legal funding services identical to and/or directly competitive with Oasis's services, using without authorization the Asserted Oasis Marks in violation of the Lanham Act.

68. Defendants Domains by Proxy and Wix have actual or constructive knowledge of Defendants John Doe and Messe's violation of Oasis's rights in the Oasis.

69. Defendants Domains by Proxy and Wix have avoided or disregarded the unlawful nature of the oasislegalfinancegroup.biz domain and website and continued to supply their web hosting and web privacy services to Defendants John Doe and Messe despite that they know or have reason to know that Defendants John Doe and Messe are engaging in infringement.

70. Defendant Domains by Proxy provides WHOIS privacy protection services to Defendants John Doe and Messe and is therefore a Registrant for said domain name with control over oasislegalfinancegroup.biz and profits from the infringement of Oasis' marks.

71. Defendant Wix provides the web site hosting services for the oasislegalfinancegroup.biz domain and the associated website located at that domain and thus has direct control and monitoring over the same and profits from the infringement of Oasis' marks.

72. Defendants Chodes, Domains by Proxy, and Wix are contributorily liable for the Defendants John Doe and Messe's direct infringement of the Oasis Marks.

73. Defendants Chodes, Domains by Proxy, and Wix's contributory infringement of Oasis's registered marks has resulted in actual and probable injury to Oasis and Oasis is likely to continue to suffer harm without judicial intervention.

74. Oasis has no adequate remedy at law for the irreparable injury and other damage Defendants Chodes, Domains by Proxy, and Wix are helping to cause to Oasis's business reputation and goodwill.

75. Oasis has suffered and continues to suffer economic loss in an amount to be proven at trial directly and proximately caused by Defendants Chodes, Domains by Proxy, and Wix's unlawful acts as alleged herein.

14

76. On information and belief, Defendants Chodes' actions have been intentional, with knowledge, willful, with actual malice, and in bad faith, justifying the imposition of enhanced damages.

77. Defendants Chodes' actions make this case exceptional within the meaning of 15 U.S.C. § 1117(a), thereby entitling Oasis to an award of reasonable attorneys' fees and costs.

## COUNT III:

## CYBERSQUATTING UNDER 15 U.S.C. § 1125(d)(1)(A)
## (AGAINST DEFENDANTS JOHN DOE, MESSE, AND DOMAINS BY PROXY)

78. Oasis realleges and incorporates by reference paragraphs 1 through 77 of this Complaint as if set forth fully herein.

79. Defendants' actions as complained of herein violate the Federal Anticybersquatting and Consumer Protection Act, 15 U.S.C. §1125(d)(1)(A).

80. Oasis is the owner of the distinctive family of Oasis Marks, and those marks were distinctive before the time at which Defendants Domains by Proxy, John Doe, and upon information and belief Messe registered the oasislegalfinancegroup.biz domain name.

81. Defendants Domains by Proxy, John Doe, and upon information and belief Messe registered, own and are using the infringing domain name oasislegalfinancegroup.biz despite actual and/or constructive knowledge of Oasis's prior rights in its distinctive family of Oasis Marks.

82. Defendants Domains by Proxy, John Doe, and upon information and belief Messe registered the domain name oasislegalfinancegroup.biz with the bad faith intent to divert consumers from Oasis's domain name oasisfinancial.com, and profit from the confusing similarity of that domain name to Oasis's distinctive family of Oasis marks.

83. The registration and use of the oasislegalfinancegroup.biz domain name, which is identical or nearly similar to one or more of the distinctive family of Oasis Marks, have caused

and will continue to cause, serious and irreparable injury to Oasis's business reputation and goodwill, for which there is no adequate remedy at law.

## COUNT IV:

## FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A)(1)(a)

## (AGAINST JOHN DOE AND MESSE)

84. Oasis realleges and incorporates by reference paragraphs 1 through 83 of this Complaint as if set forth fully herein.

85. Defendants John Doe and Messe's website usage of the Asserted Oasis marks constitutes use in commerce in connection with the sale, offering for sale, distribution, and advertising of goods and services.

86. Defendants John Doe and Messe's use of the Asserted Oasis marks constitutes a false designation of origin, a false or misleading description of fact or a false or misleading representation of fact that is likely to cause confusion, mistake or deception in violation of the Lanham Act Section 43(a), 15 U.S.C. § 1125(A)(1)(a).

87. Defendants John Doe and Messe's actions have resulted in actual and probable injury to Oasis and Oasis is likely to continue to suffer harm without judicial intervention.

88. Oasis has no adequate remedy at law for the irreparable injury and other damage Defendants are causing to Oasis's business reputation and goodwill.

89. Oasis has suffered and will continue to suffer economic loss in an amount to be proven at trial directly and proximately caused by Defendants John Doe and Messe's acts alleged herein.

90. On information and belief, Defendants John Doe and Messe's actions have been intentional, with knowledge, willful, with actual malice, and in bad faith, justifying the imposition of enhanced damages.

91. Defendants John Doe and Messe's actions make this case exceptional within the meaning of 15 U.S.C. § 1117(a), thereby entitling Oasis to an award of reasonable attorneys' fees and costs.

## COUNT V:
## UNFAIR COMPETITION/UNFAIR OR DECEPTIVE ACTS
## UNDER 815 ILCS 510/1 *ET SEQ.*
## (AGAINST JOHN DOE AND MESSE)

92. Oasis realleges and incorporates by reference paragraphs 1 through 91 of this Complaint as if set forth fully herein.

93. Defendants John Doe and Messe's unlawful use of the Asserted Oasis Marks has caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services, or causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Oasis.

94. Defendants John Doe and Messe have engaged in deceptive trade practices in the course of business within the meaning of 815 ILCS §510/2 (2) and (3) by their unauthorized use of the Asserted Marks.

95. Defendants John Doe and Messe's actions have resulted in actual and probable injury to Oasis and Oasis is likely to continue to suffer harm without judicial intervention.

96. Defendants John Doe and Messe's actions have caused irreparable harm, damage, and injury to Oasis and Oasis has no adequate remedy at law.

97. Defendants John Doe and Messe's actions where conducted in bad faith with deliberate disregard of Oasis's rights to deprive Oasis of its rights. As such, their conduct warrants an award of punitive damages in an amount sufficient to punish Defendants and deter such conduct.

## PRAYER FOR RELIEF

WHEREFORE, Oasis prays for relief as follows:

A. A judgment declaring that Defendants John Doe and Messe have committed trademark infringement under 15 U.S.C. § 1114(1);

B. A judgment declaring that Defendants Chodes, Domains by Proxy and Wix have committed contributory trademark infringement under the Lanham Act;

C. A judgment declaring that Defendants Domains by Proxy, John Doe, and Messe have

committed cybersquatting under 15 U.S.C. § 1125(d);

D. A judgment declaring that Defendants John Doe and Messe have committed Unfair Competition under 15 U.S.C. § 1125(a);

E. A judgment declaring that Defendants John Doe, Messe, and Chodes' violations of the Lanham Act were willful;

F. A judgment declaring that Defendants John Doe and Messe have committed deceptive trade practices under 815 ILCS 510/1 *et seq.*;

G. A preliminary and permanent injunction enjoining Defendants and any of Defendants' officers, agents, servants, employees, and all persons in active concert or participation with the Defendants from using the Oasis Marks or any other mark confusingly similar thereto in connection with any advertising, promotion, offer for sale, or sale of any goods or services that are similar to the financial services offered by Oasis;

H. Pursuant to 15 U.S.C. § 1118, order that Defendants must deliver up for destruction all labels, signs, promotional materials, advertisements, and any other materials that bear any of Oasis's Oasis Marks, or any other mark that is likely to be confused with one or more of Oasis's Oasis Marks;

I. An order that Defendants must provide and pay for corrective action;

J. An order that Defendants Domains by Proxy and Wix must transfer the domain name registration for oasislegalfinancegroup.biz to Oasis;

K. As a result of the unlawful activities described herein, a judgment that Defendants pay Oasis:

    a. General, special, actual and/or statutory damages, according to proof at trial, trebled and increased due to the nature of Defendants' conduct described herein;

    b. All of Defendants' profits or gains of any kind as a result of its acts of unfair competition;

      c. Pre-judgment and post-judgment interest;

      d. Punitive and exemplary damages;

      e. Oasis's attorneys' fees and costs.

L. Pursuant to 15. U.S.C. §1116, an order that Defendants must file with this Court and serve on Oasis within thirty (30) days issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the Order; and

M. Such other relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Oasis demands a trial by jury on all issues so triable.

Dated: January 17, 2017             Respectfully submitted,

/s/ Barry F. Irwin
Barry F. Irwin, P.C.
Lisa M. Holubar
Irwin IP LLC
1333 Burr Ridge Parkway, Suite 200
Burr Ridge, IL 60527
Phone: 630.756.3101
Facsimile: 630.756.3001
birwin@irwinip.com

*Attorneys for Plaintiff Oasis Financial*