IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OASIS LEGAL FINANCE OPERATING CO. LLC, | ) ) ) | |
| Plaintiff | ) ) | Case No. 17 C 0358 |
| v. | ) ) | |
| | ) | Judge Robert W. Gettleman |
| GARY CHODES and NICOLAS MESSE, | ) ) | |
| Defendant, | ) ) | |
| RAISECO HOLDINGS, INC., | ) ) | |
| Intervenor- Defendant/Counter-Plaintiff. | ) | |

## MEMORANDUM OPINION & ORDER

In the prolific litigation concerning the fee petition before this court, defendants and their attorneys have demonstrated a continued inability or unwillingness to follow the directions and the rules of the court, opting instead to prolong unnecessarily this litigation. Defendants' response to the fee petition is as incoherent and ineffective as their behavior throughout this case. For the reasons discussed below, plaintiff's motion for fees and costs is granted in its entirety.

By order dated September 9, 2020, this court granted summary judgment for plaintiff and closed the case. On September 18, 2020, plaintiff filed its first motion for attorneys' fees, requesting a finding by the court that this was an exceptional case warranting an award for attorneys' fees under the Lanham Act, 15 U.S.C. § 1117. (Doc. 398). The court denied the motion without prejudice and instructed the parties to follow the procedures set forth in Local Rule 54.3. (Doc. 400). Defendants failed to participate in any Local Rule 54.3 procedures,

including conferring with plaintiff, providing objections to plaintiff's request for fees, or filing a joint statement under Local Rule 54.3(e). On November 13, 2020, plaintiff filed a motion for instructions from the court. On January 27, 2021, the court instructed defendants to comply with Local Rule 54.3 and to file a response to plaintiff's request for fees by February 2, 2021.

Instead of responding as instructed, defendants requested a one-week extension to February 9, 2021, which the court granted. February 9, 2021, came and went, and defendants did not provide either the required materials or any objections to plaintiff's request for fees. As of February 17, 2021, defendants had still not responded to plaintiff's motion or participated in the Local Rule 54.3 process. Plaintiff then filed a motion to deem defendants' objections waived and Local Rule 54.3 satisfied. (Doc. 420). Instead of filing a response brief, defendants filed a motion of their own, seeking to bar attorneys' fee invoice evidence and to bar plaintiffs' "untimely" motion for fees. (Doc. 424). Defendants' motion inaccurately claims that plaintiff never filed a Local Rule 54.3 petition, argues that plaintiff never presented the materials supporting the petition to the "parties," and questions certain "attorneys' eyes only" (AEO) designations.

First, all of defendants' arguments are patently frivolous. Plaintiff timely complied with its Local Rule 54.3 obligations by submitting a fee request to defendants' attorneys, along with copies of the relevant timesheets and invoices. Further, at the hearing on January 27, 2021, the court stated that it believed that a fee petition had been filed and instructed defendants' counsel to respond. At no point did defendants seek to clarify or credibly claim to the court that a fee

petition had never been filed. In fact, a glance at the docket and relevant filings indicates that a fee petition was timely filed. Defendants have also failed to provide any authority or citation to support their concern that plaintiff disclosed the fee request to defendants' counsel and not the defendants themselves. Finally, defendants' arguments about plaintiff's AEO designations also fail for at least two reasons: the stipulated protective order issued in this case allows for AEO designations, as does the Local Rule. Significantly, defendants failed to object to plaintiff's AEO designations until it filed its motion to bar (Doc. 424), some five months after plaintiff designated its invoices as AEO, thereby waiving any such objection.

Moreover, Defendants have failed to identify any improper time entries, cooperate in the preparation of a joint statement, or suggest a reasonable fee to counter the fee petition offered by plaintiff. In fact, defendants present no arguments about the reasonableness of the fees and costs requested. Defendants have accordingly failed to comply with the Local Rule. Conversely, the timesheets and other documentation provided by plaintiff's attorneys have more than fulfilled plaintiff's Local Rule 54.3 obligations.

Further, plaintiff has demonstrated that this is an exceptional case under the Lanham Act warranting an award of attorneys' fees. See LHO Chicago River LLC v. Perillo, 942 F.3d 384, 388 (7th Cir. 2019). The Lanham Act states: "The court in exceptional cases may award reasonable fees to the prevailing party." 15 U.S.C. § 1117(a). "An 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable

manner in which it was litigated." LHO Chicago River, 942 F.3d at 386 (citing Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014)). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Id. at 388.

The instant case is exceptional for both reasons. Plaintiff presented strong arguments in favor of all of its claims, and the court granted summary judgment in plaintiff's favor. In contrast, defendants presented meritless arguments, including a slew of meritless affirmative defenses that defendants abandoned at summary judgment. Those facts alone make this an exceptional case. But defendants also litigated this case in an unreasonable manner. Defendants engaged in gamesmanship with improper discovery requests, completely failed to comply with Local Rule 56.1, and repeatedly ignored filing deadlines. The court struck several of defendants' improper filings in this case, and defendants' behavior continued despite the court's warnings and reprimands. Indeed, defendants' game has been to delay and create unnecessary difficulty, even before the Local Rule 54.3 issues the court identified above. There is no doubt that this is an exceptional case warranting an award of attorneys' fees.

The court has thoroughly reviewed plaintiff's timesheets and finds no reason to reduce the fees requested. Further, in the absence of specific objections, courts have granted the full amount of fees requested. See RK Co. v. Harvard Sci. Corp., 2007 WL 4150317, a *4 (N.D. Ill. Nov. 16, 2007) (granting full amount in the absence of specific objections); Greviskes v. Universities Research Assoc., Inc., 342 F.Supp.2d 763 (N.D. Ill. 2004) (granting fee request

4

where the opposing party failed to comply with Local Rule 54.3 and failed to identify a single, inappropriate entry). Consequently, the court awards plaintiff the sum of $2,994,867.50 in attorneys' fees and the sum of $107,539.16 in taxable costs. The court grants plaintiff's motion to deem Local Rule 54.3 satisfied [Doc. 420] and denies defendants' motion to bar invoice evidence and to bar plaintiff's motion as untimely [Doc. 424].

**ENTER:**

_____
**Robert W. Gettleman**
**United States District Judge**

**DATE: March 11, 2021**